UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LELAND MICHAEL BERTSINGER,

                    Plaintiff,

          v.                                    Case No. 24-cv-1074-pp

JANE DOE, *et al.*,

                    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A DISMISSING CASE

---

Plaintiff Leland Michael Bertsinger, who previously was incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I.     Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On August 26, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $13.15. Dkt. No. 5. The court received that fee on October 23, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.      Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff sues Jane Doe, John Doe and Captain Arndt. Dkt. No. 1 at 2. He alleges that on May 10, 2024, the defendants opened his legal mail outside of his presence in the mailroom at Dodge Correctional Institution. <u>Id.</u> The plaintiff allegedly filled out an "I.C.E.", or inmate complaint form. He says that his complaint "was affirmed that they did open[] [his] legal mail outside of [his] presence." <u>Id.</u>

The body of the complaint mentions the First and Fourth Amendments. <u>Id.</u> at 2. In the "Jurisdiction" section, however, the plaintiff marked the box reflecting that he is suing under state law for $20,000. <u>Id.</u> at 4. In the "Relief Wanted" section of the complaint, the plaintiff states that he will take the money to pay off bills, for restitution, to get his driver's license back, for a down payment on a house and to take his wife on vacation. <u>Id.</u>

C.    Analysis

An incarcerated individual has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from inspecting mail for contraband. See Wolff v. McDonnell, 418 U.S. 539, 575-76 (1974). "Legal mail," such as correspondence between an incarcerated individual and his attorney, is entitled to greater protections because of the potential for interfering with an individual's right of access to the courts. See Guajardo-Palma v. Martinson, 622 F.3d 801, 802 (7th Cir. 2010) ("[S]ince the purpose of confidential communication with one's lawyer is to win a case rather than to enrich the marketplace of ideas, it seems more straightforward to base the concern with destroying that confidentiality on the right of access to the courts."). Prison officials may inspect (but not read) certain types of legal mail; and legal mail must be labeled "privileged" or "legal mail" to be afforded protection. Id. at 804-05; see also Jenkins v. Huntley, 235 F. App'x 374, 376-77 (7th Cir. 2007). Only repeated instances of an incarcerated individual's legal mail being opened by prison officials outside of his presence are actionable. See Guajardo-Palma, 622 F.3d at 805.

To state an access-to-the-courts claim, the plaintiff must argue that the alleged interference caused actual injury—in other words, that he lost a valid legal claim or defense because of the challenged conduct. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009); Marshall v. Knight, 445 F.3d 965, 969 (7th Cir. 2006). Under the Fourteenth Amendment, an incarcerated person has an interest in being free from interference with legal mail as it relates to his access to the courts. Wolff, 418 U.S. at 577; Kaufman v. McCaughtry, 419 F.3d 678, 685-86 (7th Cir. 2005); see also Guajardo-Palma, 622 F.3d at 805. Proof of a practice of reading privileged legal mail between an incarcerated person and his

4

lawyer may be sufficient to demonstrate injury. Id. at 805. But "[a]n isolated interference with the confidentiality of such communications is different; its effect on prisoners' access to justice is likely to be nil." Id.

The plaintiff has not stated a claim for relief under either the First or the Fourteenth Amendment. The plaintiff has not described the legal mail that the defendants allegedly opened outside his presence. He has not alleged that the mail that they opened was mail between him and his lawyer. He has not alleged that the defendants' act of opening the legal mail outside of his presence caused him to lose a legal claim or defense. He has not alleged that the defendants opened his legal mail outside of his presence more than once. The plaintiff's claim that, on one occasion, the defendants opened some unidentified legal mail does not rise to the level of a constitutional violation. And because the plaintiff alleges that only on one occasion the defendants opened legal mail outside his presence, it would be futile for the court to allow him to amend his complaint to try to state a claim for violation of his rights under federal law. See Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022).

As the court noted, the plaintiff also marked a box indicating that he was suing under state law. It is not clear what state laws the plaintiff believes the defendants violated, but a federal court—like this one—does not have jurisdiction to decide state-law claims unless a plaintiff can establish that the court has "diversity" jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000 and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff seeks $20,000 in damages and his complaint suggests that most if not all the parties are citizens of Wisconsin, so he has not met the requirements for proving diversity

5

jurisdiction. This federal court does not have subject-matter jurisdiction over any state-law claim the plaintiff may have. The court will dismiss the case without prejudice, which means that if the plaintiff does have a state-law claim against the defendants, he may file a lawsuit in state court alleging that claim.

## III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the complaint fails to state a claim for violation of the plaintiff's rights under federal law and this court lacks subject-matter-jurisdiction over any state law claim the plaintiff may have. The court will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the $336.85 balance of the filing fee to the court as he is able.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

6

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of January, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7